IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY :
CONSULTANTS, INC.,                        :
                                                      :
                    Plaintiff,           :
                                                      :
          v.                                   :   Civ. Act. No. 03-241-JJF
                                                      :
FUJI PHOTO FILM CO., LTD.,          :
et al.,                                           :
                                                      :
                    Defendants.        :

---

Ronald J. Schutz, Esquire; Becky R. Thorson, Esquire; Annie
Huang, Esquire; David B. Zucco, Esquire; Busola A. Akinwale,
Esquire and Seth A. Northrop, Esquire of ROBINS, KAPLAN, MILLER &
CIRESI L.L.P., Minneapolis, Minnesota.
Frederick L. Cottrell, Esquire; Chad M. Shandler, Esquire ad
Laura D. Hatcher, Esquire of RICHARDS, LAYTON & FINGER, P.A.
Wilmington, Delaware.

Attorneys for Plaintiff.

Steven J. Routh, Esquire and Sten A. Jensen, Esquire of ORRICK,
HERRINGTON & SUTCLIFFE LLP, Washington, D.C.
Steven J. Balick, Esquire; John G. Day, Esquire and Tiffany Geyer
Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

November 19, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are two motions filed by Plaintiff, St. Clair Intellectual Property Consultants, Inc. ("St. Clair"): (1) a Motion For New Trial On Damages Pursuant To Fed. R. Civ. P. 59, Or In The Alternative, Motion For Prejudgment And Post-Judgment Interest (D.I. 1040), and (2) a Motion For A New Trial On Infringement Pursuant To Fed. R. Civ. P. 59 If There Is A Modification Of The Court's Claim Construction (D.I. 1041). For the reasons discussed, the Motion For New Trial On Damages Pursuant To Fed. R. Civ. P. 59, Or In The Alternative, Motion For Prejudgment And Post-Judgment Interest will be denied to the extent a new trial is sought and granted to the extent that prejudgment and post-judgment interest is sought. Because the Court has not modified its claim construction, the Motion For A New Trial On Infringement will be denied.

## I.    Background

This action was tried before a jury and a verdict was entered in favor of St. Clair on October 25, 2004. The jury concluded that Defendants, Fuji Photo Film Co., Ltd; Fuji Photo Film U.S.A., Inc.; and Fujifilm America, Inc. (collectively, "Fuji") infringed the asserted claims of St. Clair's patents-in-suit, and that the patents-in-suit were not invalid. The jury also determined that a royalty rate of 0.5% should be applied to assess damages. Using the 0.5% rate, the jury awarded St. Clair

1

damages in the amount of $3,003,465 for infringing sales from March 1997 through July 2003.

The parties subsequently stipulated to a stay of this action pending the outcome of litigation between St. Clair and Kodak in California concerning the ownership of the patents-in-suit.[1]  In March 2008, St. Clair and Kodak reached a settlement, and the parties agreed to lift the stay of this action and pursue post-trial motions.

To facilitate the schedule set by the parties, the Court entered a Final Judgment Order on September 25, 2008, in the amount determined by the jury "with interest as provided by law and costs of action." (D.I. 1039.)  St. Clair then filed the instant Motions.

## II.  Parties' Contentions

By its Motion For A New Trial On Damages, St. Clair contends that the Court erred during trial in excluding evidence relevant to the jury's determination of damages.  Specifically, St. Clair contends that the Court should have permitted the jury to hear evidence of the verdict in the <u>St. Clair v. Sony</u> action and evidence of St. Clair's license agreements concerning the

---

[1]     The delay in this action was also attributable to sanctions proceedings that were before the Special Master, in which St. Clair argued that Fujifilm's ownership defense should be stricken and its counsel sanctioned for failing to disclose certain evidence.  The Special Master concluded that sanctions against Fuji were unwarranted (D.I. 978), and the Court adopted the Special Master's Report and Recommendation (D.I. 985).

patents-in-suit.  St. Clair contends that both parties' experts relied on the evidence for their respective damages opinions, and that the exclusion of the evidence resulted in unfair prejudice to St. Clair in the form of an underestimated royalty rate and jury confusion.  St. Clair contends that this prejudice was compounded by the Court's decision to allow Fuji to introduce into evidence certain agreements involving St. Clair's predecessor company.  St. Clair contends that without the evidence of its licensing agreements, the agreements admitted into evidence created a picture that St. Clair was unsuccessful in its licensing efforts.  St. Clair contends that a new trial on damages is warranted to correct this error.  In the alternative, St. Clair requests the Court to award prejudgment and post-judgment interest on the jury's award.

    In response, Fuji contends that the Court acted well within its discretion in granting Fuji's motion in limine to exclude both the evidence of the verdict entered in the Sony litigation and the evidence related to license agreements entered into by St. Clair and other companies after those companies were sued by St. Clair.  In this regard, Fuji contends that the Court correctly determined that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice to Fuji.

Fuji also contends that St. Clair's request for prejudgment interest is premature.  In this regard, Fuji points out that it has noticed an appeal in this action which will become effective upon the Court's resolution of St. Clair's Motion.  Fuji contends that the Court's consideration of prejudgment interest should await the Federal Circuit's review of the September 25, 2008 Final Judgment Order.

Alternatively, Fuji contends that the Court should deny an award of prejudgment interest because St. Clair unduly delayed in bringing suit against Fuji.  Fuji also contends that the amount of prejudgment interest sought by St. Clair is overstated because (1) St. Clair's expert used the wrong calculations, and (2) the calculated amount covers a period of time for which this action was stayed at the behest of St. Clair.  Fuji also contends that St. Clair is improperly seeking prejudgment interest on the pre-tax rather than post-tax amount of the damages award.

## III. DISCUSSION

### A.   Legal Standard For A New Trial

In relevant part, Rule 59 of the Federal Rules of Civil Procedure provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

4

Fed. R. Civ. P. 59(a).  The decision of whether to grant a new
trial lies solely within the discretion of the district court.
<u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 36 (1980).
However, a court should grant a motion for a new trial only when
allowing a verdict to stand would result in a miscarriage of
justice.  <u>Williamson v. Consol. Rail Corp.</u>, 926 F.2d 1344, 1352
(3d Cir. 1991).  In other words, a court should not disturb a
verdict unless the verdict, "on the record, cries out to be
overturned or shocks [the court's] conscience."  <u>Id.</u> at 1353
(citing <u>EEOC v. Delaware Dep't of Health & Social Serv.</u>, 865 F.2d
1408, 1413 (3d Cir. 1989)).

B.  <u>Whether A New Trial Is Warranted Based Upon The Court's
    Decision To Exclude Evidence Of St. Clair's Licensing
    Agreements And The Verdict In The St. Clair v. Sony
    Litigation</u>

The issue raised by St. Clair in its post-trial Motion
concerning the exclusion of the <u>Sony</u> verdict and the license
agreements entered into between St. Clair and others who had been
sued by St. Clair[2] has been addressed three times by the Court,
twice in pretrial Orders and once at a side-bar during the trial.
(D.I. 788; D.I. 851; D.I. 913 at 1361-1362.)  Under Rule 403 of

---

[2]    Specifically, the license agreements St. Clair sought
to admit were entered into by St. Clair and Sony, Nikon, Minolta,
Olympus, Seiko-Epson, Casio and Kyocera.  (D.I. 1048 at 1 n.2.)
Each of these parties had been sued by St. Clair, and with the
exception of Sony, who was sued by St. Clair in a separate
action, each of the other manufacturers were former defendants in
this action.

5

the Federal Rules of Evidence, relevant evidence "may be excluded
if its probative value is substantially outweighed by the danger
of unfair prejudice confusion of the issues, or misleading the
jury, or by considerations of undue delay, waste of time, or
needless presentation of cumulative evidence." Fed. R. Evid.
403.   While the <u>Sony</u> verdict and the licensing agreements may
have had some probative value to St. Clair's damages case, the
Court concluded that the danger of unfair prejudice to Fuji was
substantial, particularly in light of the fact that damages and
liability were being tried together.[3]   With respect to the
licensing agreements, other courts have reached the same
conclusion in similar circumstances.[4]

---

[3]   In this regard, the Court also notes that St. Clair
opposed the bifurcation of liability and damages.

[4]   See, <u>e.g.</u>, <u>Pioneer v. Samsung SDI Co.</u>, No. 2:06-cv-384
(DF), slip op. at 10 (E.D. Tex. Oct. 2, 2008) (holding that "even
if negotiations, offers and agreements reached under the threat
of litigation had some probative value, such value would be too
slight and clearly outweighed by the danger of unfair prejudice
and confusion" and collecting cases); <u>Pioneer Hi-Bred Int'l, Inc.
v. Ottawa Plant Food, Inc.</u>, 219 F.R.D. 135, 144 (N.D. Iowa 2003)
(excluding evidence based on both Fed R. Evid. 403 and 408);
<u>Donnelly Corp. v. Gentex Corp.</u>, 918 F. Supp. 1126, 1134 (W.D.
Mich. 1996) (excluding evidence as more prejudicial than
probative and recognizing that the Federal Circuit and other
courts have "held that in patent infringement litigation such as
this the rates paid in the industry as a result of settlement
negotiations may not be considered since they do not accurately
reflect what a willing licensee would pay a willing licensor in
an arm's length negotiation"); <u>Wang Labs., Inc. v. Mitsubishi
Elecs. Am., Inc.</u>, 860 F. Supp. 1448, 1452 (C.D. Cal. 1993) ("It
is a century-old rule that royalties paid to avoid litigation are
not a reliable indicator of the value of a patent, and should
therefore be disregarded when determining reasonable royalty

As for the <u>Sony</u> verdict, St. Clair has not offered any case law supporting the argument that a previous jury verdict may be admitted into evidence to support a patentee's damages claim, and the Court remains persuaded that any probative value of the prior verdict was substantially outweighed by the potential for undue prejudice to Fuji, particularly with respect to the jointly tried issue of liability. Accordingly, the Court finds no reason to depart from the evidentiary ruling it thrice entered, and therefore, the Court will deny St. Clair's Motion to the extent that it seeks a new trial based upon the Court's evidentiary ruling regarding the exclusion of the <u>Sony</u> verdict and the licensing agreements.

C.   <u>Whether St. Clair Is Entitled To Prejudgment And Post-Judgment Interest</u>

As for St. Clair's alternative request for an award of prejudgment and post-judgment interest, the Court notes first that Fuji has not disputed St. Clair's argument that an award of post-judgment interest is appropriate. Accordingly, the Court will award post-judgment interest at the statutory rate.

As for prejudgment interest, Fuji contends that the Court should postpone a determination on prejudgment interest in light of Fuji's filing of a Notice of Appeal. However Fuji cites no

---

rates. This is because royalties paid under threat of suit may reflect the licensee's desire to avoid the risk and expense of litigation.").

case law to support its position, and the Federal Circuit has deactivated Fuji's appeal pending resolution of the issues pending in this Court.  (D.I. 1053.)  Further, the Court has previously awarded prejudgment interest in cases despite a party's stated intention to appeal.  See nCube Corp. v. Seachange Int'l, Inc., 313 F. Supp. 2d 361, 392 (D. Del. 2004), aff'd, 436 F.3d 1317 (Fed. Cir. 2006).  Accordingly, the Court finds no basis upon which to delay a ruling on prejudgment interest.

Fuji next contends that prejudgment interest is not warranted because St. Clair unduly delayed in prosecuting this action against Fuji.  However, "the withholding of prejudgment interest based on delay is the exception, not the rule."  Lummus Indus., Inc. v. D.M. & E. Corp., 862 F.2d 267, 275 (Fed. Cir. 1988).  Further, delay will not bar an award of prejudgment interest unless the delay causes prejudice.  Power Integrations v. Fairchild Semiconductor Int'l, Inc., C.A. No. 04-1371-JJF, 2008 WL 5263903, * 1 (D. Del. Dec. 12, 2008).

Fuji contends that when St. Clair's predecessor company owned the patents-in-suit, the predecessor company advised Fuji in 1995 that Fuji might be infringing the patents.  St. Clair obtained ownership of the patents in 1995 and in 2001 St. Clair advised Fuji that it might be infringing the patents.  Despite these warnings, Fuji contends that it was not sued "until February 28, 2003, conveniently two months after Fujifilm's most

8

lucrative quarter of digital camera sales." (D.I. 1061 at 26.)
In support of its assertion of undue delay, Fuji directs the
Court to the Federal Circuit's decision in Crystal Semiconductor
Corp. v. TriTech Microelectronics Int'l, Inc., 246 F.3d 1336,
1362 (Fed. Cir. 2001).

In Crystal, the Federal Circuit affirmed the denial of
prejudgment interest; however, the defendant produced evidence
that the plaintiff's delay in filing suit was a litigation
tactic. Fuji has presented no such evidence here. Rather, the
record shows that St. Clair was enforcing the patents against
others like Sony during the period of delay, and that St. Clair
promptly filed suit against Fuji, three days after the trial in
the Sony litigation concluded. In these circumstances, the Court
concludes that Fuji has not established the type of delay
necessary to justify the denial of prejudgment interest.

To the extent Fuji points to delays during the course of
this litigation, the Court likewise concludes that those delays
do not justify the denial of prejudgment interest. Fuji joined
in the ownership defense developed by Canon which ultimately led
to the proceedings before the Special Master. Although the
Special Master concluded that sanctions were not warranted
against Fuji, the Special Master noted that St. Clair had "at
least a colorable claim" that "required [St. Clair] to test the
veracity of Fuji and its counsel." (D.I. 979 at 18.) In

9

addition, the Court notes that Fuji stipulated to a stay of this action while litigation was pending in California to resolve the ownership issue.  Because Fuji bore at least some responsibility for the aforementioned delays, the Court cannot conclude that these delays warrant the denial of prejudgment interest.

Fuji next challenges the amount of prejudgment interest sought by St. Clair, contending that (1) St. Clair is improperly using the U.S. Prime Rate instead of the Treasury Bill ("T-Bill") Rate[5], (2) interest should be excluded for the period during which the ownership defense was pursued, and (3) any calculation of interest should be based on the after-tax damages amount.

This Court has used both the T-Bill Rate and the U.S. Prime Rate for purposes of calculating prejudgment interest.  The Court has broad discretion to select the interest rate to be applied, and the Federal Circuit has held that application of the Prime Rate is appropriate even if there is no evidence that the patent holder borrowed at the higher prime rate.  <u>Uniroyal, Inc. v. Rudkin-Wiley Corp.</u>, 939 F.2d 1540, 1545 (Fed. Cir. 1991).

---

[5]     Although St. Clair addresses in its brief whether the Japanese interest rate should apply, the Court does not understand Fuji to be making this argument.  (D.I. 1061 at 28) (discussing the Japanese rate to suggest that one should not focus on the alleged infringer's borrowing rate because Fuji is a Japanese company that borrows at Japanese rates).  In any event, however, Fuji cites no case law to support the application of a foreign rate.

Fuji's primary argument against application of the Prime Rate and in favor of the risk-free T-Bill Rate is that St. Clair has little at stake financially.  Specifically, Fuji contends that "St. Clair purchased the Roberts patents for a percentage of their eventual worth and has collected many multiples of that amount through litigation-induced settlement/license agreements with other digital camera companies.  Having recouped its investment many times over, St. Clair faces virtually no financial risk with respect to the Roberts patents, and therefore, there is no justification for using the inflated prime rate to calculate prejudgment interest."  (D.I. 1061 at 29.)

The Court is not persuaded that Fuji's argument is a proper reason upon which to ground its determination of which rate applies.  The purpose of prejudgment interest is "to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."  Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 655-56 (1983).  As St. Clair points out, the Prime Rate "reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation and the relatively slight risk of default."  Till v. SCS Credit Corp., 541 U.S. 465, 479 (2004).  Because the Prime Rate provides a better measure of the risk of nonpayment that St. Clair bore,

and thus, a better measure of the harm St. Clair suffered by not
receiving a reasonable royalty during the hypothetical
negotiation rate, the Court will award St. Clair prejudgment
interest at the Prime Rate. <u>Siemens Med. Solutions USA, Inc. v.
Saint-Gobain Ceramics & Plastics, Inc.</u>, 615 F. Supp. 2d 304, 319
(D. Del. 2009) (citing <u>Mars, Inc. v. Conlux USA Corp.</u>, 818 F.
Supp. 707, 720-21 (D. Del. 1993), <u>aff'd</u>, 16 F.3d 421 (Fed. Cir. 1993)).

In addition, the Court concludes that the appropriate
calculation of prejudgment interest should be based on pre-tax
damages. <u>See, e.g.</u>, <u>Cordis Corp. v. Medtronic Vascular, Inc.</u>,
C.A. Nos. 97-550-SLR, 98-19-SLR, 2008 WL 6579771, * 1 (D. Del.
Sept. 30, 2008) (concluding that the "attempt to adjust for taxes
was ill conceived" and that "the appropriate method of
calculating prejudgment interest based on after-tax damages is
fraught with opportunities for mischief"). To the extent Fuji
seeks to exclude damages for the period during which this action
was stayed and the ownership defense was pursued, the Court finds
no reason to do so where, as here, Fuji stipulated to the stay.
Accordingly, the Court will award prejudgment interest to St.
Clair at the U.S. Prime Interest Rate compounded quarterly and
post-judgment interest to St. Clair at the statutory rate.

## IV. CONCLUSION

For the reasons discussed, the Motion For New Trial On
Damages Pursuant To Fed. R. Civ. P. 59, Or In The Alternative,

Motion For Prejudgment And Post-Judgment Interest will be denied
to the extent a new trial is sought and granted to the extent
that prejudgment and post-judgment interest is sought.   In
addition, the Motion For A New Trial On Infringement will be
denied, because the Court has not modified it claim construction.
The Final Judgment Order in this case will be amended to reflect
the Court's prejudgment and post-judgment interest rulings.

An appropriate Order will be entered.